BANK OF OXFORD ET AL. *v.* LOVE ET AL., BANK EXAMINERS OF THE STATE OF MISSISSIPPI.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 9. Submitted March 27, 1918; restored to docket for oral argument April 22, 1918; argued October 10, 1919.—Decided November 10, 1919.

A provision in the special charter of a state bank that its business shall be confided to and controlled by its stockholders under such rules as it may adopt, not in conflict with the Constitution of the United

States or of the State, is not inconsistent with the exercise of the general power of the State to cause the affairs of such bank to be examined and reported on by state officials and to exact a reasonable annual assessment (1/40 of 1 per cent. of the total assets) for the maintenance of the state banking department; and a general law, so operating, does not impair the contract obligation of such special charter. P. 606.

111 Mississippi, 699, affirmed.

·THE case is stated in the opinion.

*Mr. Thos. A. Evans*, with whom *Mr. Geo. D. Lancaster*, *Mr. B. L. Mayes* and *Mr. Jas. Stone* were on the brief, for plaintiffs in error.

*Mr. Earle N. Floyd*, Assistant Attorney General of the State of Mississippi, with whom *Mr. Ross A. Collins*, Attorney General of the State of Mississippi, and *Mr. Robert H. Thompson* were on the brief, for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

· A special act of the Mississippi Legislature, approved March, 1872, incorporated the Bank of Oxford and author- ized it to "exercise the privilege appertaining to a general banking, exchange and brokerage business, with all the power of a body corporate." Section IV declares: "That the business of said bank shall be confided to and con-· trolled by its stockholders under such rules of laws and regulations as said Company may see .fit to adopt, Pro- vided; the same be not in conflict with the Constitution of the United States or of this State." It was immediately organized, and has continued to carry on business under the charter so granted.

By a comprehensive act containing·sixty-nine sections,

approved March 9, 1914, the legislature prescribed gen-eral regulations concerning banking. Its scope is fairly indicated by the title, copied below.[1] Section 23 provides: "Each bank subject to the provisions of this act is hereby assessed for each year one-fortieth of one per cent. of its total assets, and the money accruing from said assessment shall be used for the maintenance of the banking depart-ment."

After paying one assessment under protest, plaintiff bank, May 14, 1914, instituted this proceeding in the Chancery Court for Hinds County. The original bill sets up and relies upon the charter of 1872 as a contract, pro-tected by the Federal Constitution, which by confiding control to stockholders excludes legislative authority in respect thereto. It alleges: "That the said bank examiners are threatening to interfere with the affairs of this bank, and to exercise such powers as are provided for by said statute [of 1914] over this bank, and are threatening to

---

[1] "An act establishing a banking department for the State of Missis-sippi, creating a board of bank commissioners, prescribing their quali-fications, duties and compensation, providing for the election of State bank examiners, prescribing their qualifications, duties and compensa-tion, defining what shall constitute a bank and banking business in the State of Mississippi, fixing the capital required to do a banking busi-ness, and providing for the examination, regulation and control of banks and banking business conducted by corporations, other than national banks and postal savings banks and fixing the assessment for the revenues of the department, fixing qualifications and liability of officers, stockholders and directors of banking corporations; fixing the qualifications and liability of persons, firms and corporations in the banking business; providing for the payment of deposits to minors and other persons under disability and on joint account; prohibiting bank-ing except under the provisions of this act; providing for the liquidation of banks and the distribution of the assets thereof; providing for giving publicity to deposits more than five years old; and prescribing penalties for the breach of any of the provisions thereof, and to provide a system for guaranteeing deposits, and for other purposes, without expense to the State."

make such examinations and reports upon and about, and to exercise all the other authorities and powers provided for by such statute, over the affairs of your orator, said bank. And your orator pleads hereby, and invokes for such, its contract, immunity from such supervision and control, the said contract clause of the Constitution of the United States, and claims its right exclusively to control and manage the affairs of its own bank." And further: "Your orator protests and shows that it was not subject to the provisions of said banking law, and by its said contract charter, the whole scheme, so devised, as applied to your orator bank, was unconstitutional and void; and your orator shows that for such reason it was not subject to assessment devised and contrived only for the purpose of maintaining such bank department; and your orator was protected against the payment of such assessment, also, by the said contract clause of the Constitution of the United States." The prayer is for an injunction perpetually restraining defendants and their successors from examining or undertaking to enforce as against the complainant any provision contained in the Act of March 9, 1914, and for a decree requiring repayment of the sum assessed and paid under protest.

No argument is required to show that the charter of 1872 constitutes a contract protected by the Federal Constitution. But the construction placed upon § IV by counsel for plaintiffs in error is not tenable. It really contains nothing which purports to take away commonly recognized power of the State to establish such reasonable and general regulations of banks as may be essential to public safety, and to enforce them through a board supported by moderate assessments upon those engaging in the business.

While the bill proceeds upon the theory that the bank's affairs are wholly exempt from interference by legislative direction, the only past or immediately probable wrongs

adequately complained of are enforced contribution to expense of the banking department and threats by defendants to make examinations and reports.   And we think it clear that no impairment of the corporate charter has resulted or will result from reasonable examinations and reports by duly authorized officers and the small prescribed payments.   It is unnecessary to consider other distinct provisions of the statute, and, of course, we intimate no opinion concerning them.

The Supreme Court of the State affirmed a decree of the Chancery Court dismissing the bill upon demurrer, and its action must be

*Affirmed.*