KENT v. LOVE, STATE SUPERINTENDENT OF BANKS.*

(Division B.    Jan. 25, 1926.)

[106 So. 772.    No. 25320.]

1. BANKS AND BANKING. *Stockholder of bank regularly coming under guaranteed deposit law, though without his knowledge, subject to double liability.*

   Stockholder of bank coming regularly and legally on resolution of majority of stockholders, under guaranteed deposit law, though without his knowledge, is subject to double liability to depositors prescribed for such a bank on its becoming insolvent.

2. BANKS AND BANKING. *Stockholder liable for interest from time demand made on him on account of double liability.*

> Stockholder in bank under guaranteed deposit law is liable for interest from the time demand was made on him on account of his double liability; it then being ascertained that the assets would be insufficient to pay the depositors.

*Corpus Juris-Cyc. References; Banks and Banking, 7 C. J., p. 484, n. 75, 77, New.

APPEAL from chancery court of Carroll county.
HON. T. P. GUYTON, Chancellor.

Action by J. S. Love, state superintendent of banks, against R. C. Kent. Judgment for plaintiff, and defendant appeals. Affirmed.

*Gardner, Odom & Gardner,* for appellant.

In this case, it is admitted that the appellant never attended any meeting of the stockholders or directors at which any resolutions were passed, and that he had no knowledge of the passage of either of the resolutions, and the first time he ever heard of the passage of either resolution was after the filing of this suit. He never ratified or confirmed in any way the passage of either of the said resolutions, either in person or by representative, and the defendant was an original subscriber when the bank was organized. In other words, it is admitted that the action of the board of directors and stockholders, if any action was ever taken, was done without his knowledge or consent, and of course, without this knowledge or consent it cannot be said that he ever ratified what was done.

When the stockholders in the Bank of Carrollton, under the Constitution of 1869, subscribed for this stock in the bank, they did so with the express agreement and understanding that they should not be liable "over and above the stock by him or her owned." No double liability, such as is now sought to be enforced against these stock-

holders, was provided. We, therefore, submit that the Banking Law of 1914, imposing double liability, is in direct contravention, and in violation of the contract clause of article 1, section 10, of the United States Constitution.

The charter of incorporation is a contract between the corporation and the state, and no subsequent act, either of the legislature or any constitution, can impair or affect that contract, unless the right was originally reserved in the act under which the charter was granted, or of the constitution. 14 C. J., pages 161 and 162; 71 Miss. 500; *Stone* v. *Y. & M. V. R. R. Co.,* 62 Miss. 607; *Realty Co.* v. *Co-operative Stores,* 114 Miss. 319; *Columbus Insurance & Banking Co.* v. *First National Bank,* 73 Miss. 103; *Payne* v. *Baldwin,* 3 S. & M. 661; *Dartmouth College* v. *Woodward,* 4 Wheat. 518, 4 L. Ed. 629.

We submit that under its charter the stockholders of the Bank of Carrollton, who did not participate in any of the meetings of either the stockholders or directors, which authorized the Bank of Carrollton to become a guaranteed bank, cannot now be held liable under the Banking Law of 1914, because to do so would violate the contract the state made with them when its charter was granted, in 1890, under the Constitution of 1869.

The allowance of interest in this case is erroneous. All of the authorities hold that interest on the par value of the stock cannot be added to such value, for the purpose of increasing the liability of the stockholders. In other words, complainant cannot collect interest on the value of the stock, the value of which is sued for in this case. 7 C. J. 508, 10 Ann. Cas. 774, 85 Pac. 642. The reason for the rule is that the stockholders are not in default until it has been determined that it is necessary to enforce their liability and the amount of such liability has been ascertained. 7 C. J. 509; 161 Mich. 600, 126 N. W. 708; 72 Minn. 266, 75 N. W. 180.

*T. O. Yewell* and *Flowers, Brown & Hester,* for appellee.

Appellant contends that decree should not have been rendered against him for the amount of the par value of the stock owned in the failed Bank of Carrollton because he was one of the original subscribers to the stock in March, 1890, while article 12, section 17, of the Constitution of 1869 was in force, and that to impose upon him the liability created by section 59, chapter 124, Laws of 1914, as amended by chapter 207, Laws of 1916, impairs the obligation of contract and takes his property without due process of law, in violation of article 1, section 10, of the Constitution of the United States, and article 12, section 17, of the Mississippi Constitution of 1869. If appellant had raised this issue when the Bank of Carrollton was about to come under the protection of the State Guaranty Law, it would have been entitled to more consideration than it now deserves. These stockholders by their own act and at their own instance elected to come under this law. They wanted to make their bank a "guaranteed bank." They were anxious to be able to hold out to depositors that enticing and all-powerful assurance of safety which is of paramount consideration in the mind of every depositor in a bank. It strikes us as rather late for these stockholders to raise the constitutionality of the law after the fund created under the law has been called upon to the extent of more than fifty thousand dollars to pay off depositors who lost their money through the failure of their bank. They are, as said by the court in *Pate* v. *Bank of Newton,* 116 Miss. 666, 77 So. 601, ". . . in a poor position to claim exemption now from the effect of what they voluntarily did."

Appellant insists that he is not liable under section 59, Acts of 1914, section 2619, Hemingway's Code, because he did not attend the meetings of the stockholders and directors at which they passed the resolutions necessary

to place the Bank of Carrollton in the guaranty system, as provided by the Banking Act of 1914. He was a stockholder in this bank, and for that reason, owed a duty to the depositors who placed their money with it to see that the bank was properly operated and managed. He received the benefits that came to him as stockholder from Bank of Carrollton's being a member of the guaranty system, and now seeks to avoid the burdens. He, of course, was bound by the actions of the majority of the stockholders who attended the meeting at which the resolution was passed, authorizing the directors to make application for admission into the guaranty system. He does not claim that he had no notice of the stockholders' meeting. He simply paid no attention to the affairs of the bank, and sets up his ignorance of what was done, ignorance due to his inattention and negligence, as a defense to liability. Counsel say appellant would be liable if he had known of such action. If he knew nothing of it, it was his own fault. He should have attended the stockholders' meetings. He should have shown some interest in the bank. We say that appellant's silence, acquiescence in what was done, inattention to management of bank's affairs, failure to protest against entering the guaranty system at the proper time, amount to a ratification and confirmation of what was done. Appellant is now estopped to deny liability.

We think it was proper to allow interest from June 15, 1921. It was clear before that date that it was necessary to call upon the stockholders to pay in the full amount of their liability in order to pay depositors' claims. Paragraph 12 of the bill of complaint shows that after all assets were collected and applied, including stockholders' liability, there would be a balance of more than fifty thousand dollars, due depositors to be borne by the guaranty fund. The demand was made prior to June 15, 1921. It was clear that the liability would have to be collected on January 1, 1921, and the demand was then made. The liability was due and owing when it

became clear that it would have to be paid, and certainly it should bear interest if not paid after demand was made therefor.

Holden, P. J., delivered the opinion of the court.

J. S. Love, state superintendent of banks, sued R. C. Kent, a stockholder in the Bank of Carrollton, for six hundred dollars, the value of six shares of capital stock owned by Kent in the bank when it closed its doors and was taken over by the state superintendent of banks, under our state banking law. After the bank failed it was ascertained by the superintendent that the bank was insolvent in that its assets were not sufficient to pay the depositors in full, whereupon demand was made upon the stockholders to pay to the superintendent the amount of the value of stock held by them under the double liability clause, which makes all stockholders of guaranteed deposit banks liable for the value of the stock where the bank fails and the depositors cannot be paid with the assets of the bank.

The chancellor rendered a decree against the stockholder, Kent, for six hundred dollars, the par value of his stock, with interest at the rate of six per cent. per annum from the date of the demand upon him for payment by the banking officer in charge of the bank in 1921. From this decree Kent appeals to this court.

The question presented on this appeal is whether or not a stockholder in a bank which became a guaranteed deposit bank under the state banking law of 1914 (Laws 1914, chapter 124) and the amendments thereto of 1916 (Laws 1916, chapter 207) can be held liable for the par value of the stock owned by him when such bank fails and the assets are insufficient to pay the depositors where the stockholder knew nothing about the fact that the bank had voluntarily come under, and had operated under, the guaranteed deposit law for several years, all of which the stockholder had no knowledge of nor did

he consent thereto by voting at any meeting of the stock-holders to come under the operation of the law.

The contention is made by the appellant that the decree for the amount of the par value of the stock owned by him in the failed bank should not have been rendered against him because he was one of the original subscribers to the stock when the bank was incorporated in 1890, and that under article 12, section 17, of the Constitution of 1869, which was then in force, which provided that "in all cases, no stockholder shall be individually liable over and above the stock by him or her owned, unless so specified in the articles of association, or act of incorporation," he (Kent) was exempt from double liability under the state banking law of 1914, because the latter law would impair the obligation of contract under the old charter and take his property without due process of law in violation of the state and federal constitutions; that the record shows conclusively that the appellant stockholder knew nothing about the state banking law of 1914, nor did he know of or consent to the Bank of Carrollton coming under the operation of the guaranteed deposit law, and in no way did he as a stockholder authorize the bank to come under the banking law of 1914, and that therefore his rights under the original charter of the Bank of Carrollton, in 1890, should not be impaired, nor he be compelled to pay a double liability without due process of law.

We do not think the position of appellant is maintainable. Our view rests upon the reasoning that when the bank voluntarily applied to the state board of bank examiners to be permitted to come under the state banking law and operate as a guaranteed deposit bank, the bank and all of its stockholders were bound by the action of the bank, and when after a resolution was duly passed by the stockholders to come under the guaranty system, as was done in this case, and the bank came under the law and operated under it for many years, receiving deposits on the faith that it was a guaranteed deposit bank,

141  Miss.—34.

the stockholder Kent became bound by the action of the bank and is now estopped to plead that the banking act would work a constitutional wrong against him by requiring him to meet the double liability imposed by the banking law.

The action of a bank, through a resolution of a majority of its stockholders, when regular and legal, is binding upon the stockholders; and this is true whether or not the complaining stockholder, as in this case, consented to or had knowledge of the action of a majority of the stockholders, provided, of course, as here, that he had reasonable opportunity to attend and vote at such stockholder's meeting.

We do not understand the law to be that a stockholder may absent himself from meetings of the stockholders of the bank, and then successfully complain of any lawful action taken by a majority of the stockholders in his absence.  In the case before us the bank had the advantages of the guaranty system for a number of years, as provided by the banking act; and the appellant, Kent, as a stockholder of the bank, surely must have known something about how the bank was operating during this time; however, if he actually knew nothing about it, still, it is our judgment that he ought to have known, and therefore is charged with knowledge, and was bound by the action of the bank through the stockholders, which brought the bank under the guaranty law.  When the stockholders acted it was the action of the bank and was binding upon all of the stockholders; and the appellant, Kent, by reason of his situation and conduct, is estopped from complaining of the liability imposed against him as a stockholder after the bank failed.

The banking law of 1914, with the amendments thereto, has been upheld as constitutional by this court and by the supreme court of the United States. *Bank of Oxford* v. *Love*, 111 Miss. 703, 72 So. 133, 8 A. L. R. 894, affirmed 250 U. S. 603, 40 S. Ct. 22, 63 L. Ed. 1165.

When a bank fails which has been operating under the guaranty law, a stockholder is liable for the par value of his stock if the assets of the bank are insufficient to pay the depositors; and as said in *Pate* v. *Bank of Newton*, 116 Miss. 666, 77 So. 601, the stockholder is "in a poor position to now claim exemption from the effect of what he |voluntarily did." (

The appellant is also liable for interest at the rate of six per cent per annum from the date that demand was made, January 21, 1921, at which time the fact was ascertained that the assets of the bank would not be sufficient to pay the depositors.

The decree of the lower court is affirmed.

*Affirmed.*