THOMPSON *v.* PERSON.

(Division B. Nov. 23, 1936. Suggestion of Error Overruled Jan. 4, 1937.)

[170 So. 694. No. 32414.]

**Kermit R. Cofer,** of Water Valley, for appellant.

**Creekmore, Creekmore & Capers,** of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On the date next to be mentioned, and for some time thereofore, appellee was the actual owner of ten shares of the capital stock of the People's Bank of Water Valley. On March 4, 1932, he sold the stock to his sister, and executed and delivered to her a formal written instrument of sale and transfer, without recourse. There is some obscurity in the record whether the stock certificate was delivered on the day of the transfer, and also upon the point whether the bank was then or thereafter definitely informed of the transfer and requested to enter same upon the stock book. It is certain, however, that no such transfer was ever entered on the books of the bank, and that so far as the stock book was concerned appellee remained the apparent owner of the stock.

Thereafter on June 15, 1932, an examination was made of the bank by the state banking department, and the bank was found and declared to be solvent. On January 1, 1933, the bank failed and went into liquidation. On June 12, 1933, suit was instituted against appellee for the statutory double liability. Section 3815, Code 1930. Under section 3803, Code 1930, the stock book is made prima facie evidence of the ownership of the shares, and appellant argues that the prima facie force of that statute can be overcome only by a formal tender of the stock certificate, duly indorsed, and a formal, definite request upon the proper officer of the bank to enter the transfer on the books.

Many cases from other jurisdictions are cited by appellant to support his stated position. These, however, are of little or no aid to us because of the settled inter-

pretation which has been placed upon our double lia-bility bank stockholders' statute. In Mellott v. Love, 152 Miss. 860, 866, 119 So. 913, 64 A. L. R. 968, it was held by this court that the statute imposing additional liability on bank stockholders must be strictly construed, and that so construed the liability existed only as to ac-tual or real owners, not as to apparent or ostensible own-ers. The opinion in that case was delivered January 21, 1929. The double liability statute, in substantially the same words, was brought forward and re-enacted in the Code of 1930, so that the interpretation aforesaid became thereby a part of the code section as fully as if expressly written therein.

It follows therefore that inasmuch as appellee was not the actual or real owner on June 15, 1932, when the last bank examination was made, nor on January 1, 1933, when the bank failed, and on both of said dates was only the apparent or ostensible owner, he is not subject to the double liability statute.

Affirmed.