514 P.2d 529

**Gus T. PIANTES and Mary M. Piantes, his wife, Plaintiffs and Respondents,**

**v.**

**HAYDEN–STONE, INC., a Delaware corporation, and H–S Equities, Inc., a corporation, Defendants and Appellants.**

**Alex N. MARKAKIS, Plaintiff and Respondent,**

**v.**

**HAYDEN–STONE, INCORPORATED, a Delaware corporation, Defendant and Appellant.**

**Nos. 13143, 13144.**

Supreme Court of Utah.

Sept. 27, 1973.

Arthur H. Nielsen, of Nielsen, Conder, Hansen & Henriod, Salt Lake City, for defendants and appellants.

Warren M. Weggeland, Salt Lake City, for plaintiffs-respondents.

ELLETT, Justice:

This is an action by plaintiffs to recover the consideration paid to Hayden-Stone, Inc., hereinafter called the defendant, for certain securities which defendant sold to them.[1]

The defendant as a broker-dealer is registered in some 41 states of the Union, although not in Utah. Its office is located in San Diego, California. It claims it did no business in Utah and that it is immune from suit here. It also contends that if a rescission of any stock transaction is permitted, all transactions must be rescinded.

Our statute[2] requires a broker-dealer or agent to be registered before it can transact business in this state and further provides that a purchaser of securities from an unlicensed broker may sue to recover the purchase price, etc.[3] The statute further provides that a broker-dealer is not to be held as engaging in business during any period of twelve consecutive months if it does not direct more than 15 offers to sell or buy to persons located in Utah during that time.

On believable evidence the trial court found that in the year 1969 when the purchases complained of were made, the defendant made not less than 35 telephone calls from its office in San Diego, California, to the plaintiffs, soliciting the buying or selling of securities, and that defendant's agent made at least eight personal solicitations in Utah. The court further found that during the year 1969 the defendant made at least 86 solicitations to buy or sell securities to other people in Utah.

In regard to defendant's claim that it is immune from suit here, it should be noticed that two actions were consolidated for trial and for appeal. In the Piantes case jurisdiction was obtained pursuant to the provisions of Section 61–1–26(7) of the Utah Uniform Securities Act. In the Markakis case jurisdiction was obtained under Section 78–27–22, U.C.A.1953, as amended, known as the long arm statute, which permits jurisdiction over nonresidents who through significant minimal contacts within this state incur obligations to citizens thereof. These minimal contacts are set forth in the statute.

■ The question to be considered is this: Is the manner of obtaining jurisdiction over one in violation of the Securities Act, as set out in Section 61–1–26(7), U.C.A.1953, the exclusive method of acquiring jurisdiction?

---

1. Appellant H–S Equities, Inc., is a successor in interest to appellant Hayden-Stone, Inc.

2. Section 61–1–3, U.C.A.1953 (Replacement Vol. 7A).

3. Section 61–1–22, U.C.A.1953 (Replacement Vol. 7A).

The section by its language does not purport to be the exclusive means of acquiring jurisdiction, as it plainly states, "When . . . personal jurisdiction over him cannot otherwise be obtained," etc. The section simply gives a special means of bringing into court one who violates the Securities Act. It does not prevent the obtaining of personal jurisdiction by any other means provided by statute. If it did so, personal service in this state, if it could be obtained, would not be proper although the statute says that the service provided for is equivalent to personal service.

We hold that the trial court had jurisdiction over the defendant to make the judgment rendered.

In support of its contention that if a rescission of any stock transaction is permitted, all transactions must be rescinded and that the lower court erred in permitting plaintiffs to void selected transactions rather than treating the transactions and relationship as a whole, defendant cites the case of Mellott v. Love,[4] which says, " . . . [T]he disaffirmance of a contract made by an infant nullifies it and renders it void ab initio, and all parties are restored to the status in which they would have been if the contract had never been made." However, that case is not applicable to the instant matter because our statute does not require a purchase of securities from an unregistered broker to set aside all transactions but permits rescission of any purchase which the purchaser chooses to make. The protection afforded to a purchaser is for his benefit and is at his option. He need not rescind any transaction unless he chooses to do so. The option is his and his alone.

The judgment of the trial court is affirmed. Costs are awarded to the respondents.

CALLISTER, C. J., and HENRIOD, CROCKETT, and TUCKETT, JJ., concur.

---

4. Mellott v. Love, 152 Miss. 860, 119 So. 913 (1929).