739 F.2d 165
 Blue Sky L. Rep. P 72,056
Franklin P. DIXON and Mrs. Mae S. Merchant, Executors of the
Last Will and Testament of W. Caton Merchant, Jr.,
Deceased, Appellee,
v.
OPPENHEIMER & CO., INC., Appellant.
Franklin P. DIXON and Mrs. Mae S. Merchant, Executors of the
Last Will and Testament of W. Caton Merchant, Jr.,
Deceased, Appellant,
v.
OPPENHEIMER & CO., INC., Appellee.
 Nos. 83-1906(L), 83-1907.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 3, 1984.
Decided July 17, 1984.
 
 K. Dennis Sisk, Richmond, Va. (James E. Farnham, Hunton & Williams, Richmond, Va., on brief), for appellees/appellants.
 Joanne F. Alper, Arlington, Va. (Harvey B. Cohen, William L. Jacobson, Cohen, Gettings, Alper & Dunham, Arlington, Va., on brief), for appellant/appellee.
 Before MURNAGHAN, ERVIN and CHAPMAN, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 In this diversity case involving the Virginia Securities Act, the district court granted summary judgment for the plaintiff, who claimed that he was entitled to rescind or to retain the purchase of each security sold to him by a person who had failed to register as an agent of a broker-dealer. The district court, however, denied plaintiff's request for counsel fees. Both parties appealed. We find that, in its excellent opinion, Merchant v. Oppenheimer & Co., Inc., 568 F.Supp. 639 (E.D.Va.1983), the district court thoroughly explained the facts and the law concerning the rights and liabilities of the parties and the proper measure of damages. We affirm the judgment of the district court on these issues. We find that the court erred in denying plaintiff's request for attorneys' fees and we remand for a determination of proper attorneys' fees and costs.
 
 
 2
 The facts are set forth in detail in the opinion of the district court. We state the salient facts. In 1981 an Oppenheimer & Company employee, who was not registered as an agent of a broker-dealer as required by Va.Code 13.1-504(a), performed brokerage services for W. Caton Merchant, Jr. (Merchant died after the district court reached its decision. "Merchant" and "plaintiff" will be used interchangeably in this opinion to refer to Franklin P. Dixon and Mrs. Mae S. Merchant, who are the executors of Merchant's estate.) Oppenheimer was, therefore, subject to liability under the Virginia Securities Act. Virginia Code Sec. 13.1-522(a) provides in part:
 
 
 3
 Any person who: (1) sells a security in violation of ... Sec. 13.1-504(a) [the registration requirement] ... [s]hall be liable to the person purchasing such security from him who may sue either at law or in equity to recover the consideration paid for such security, together with interest thereon at the rate of six percent per annum, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of such security, or for the substantial equivalent in damages if he no longer owns the security.
 
 
 4
 Realizing its potential liability, Oppenheimer wrote to Merchant in a letter dated October 7, 1982, stating that "this letter is an offer, pursuant to Code of Virginia Sec. 13.1-522(d)." This subsection provides in part:
 
 
 5
 [I]f any person liable by reason of subsection (a) or (b) makes a written offer, before suit is brought, to refund the consideration paid, together with interest thereon at the rate of six percent per annum, less the amount of any income received on the security, or to pay damages if the purchaser no longer owns the security, no person shall maintain a suit under this section who shall have refused or failed to accept such offer within thirty days of its receipt.
 
 
 6
 In a letter dated November 2, 1982, Merchant, through his attorney, stated that he accepted Oppenheimer's offer and that each party would need to obtain information from the other "in order to liquidate the sums in question." Plaintiff later sent Oppenheimer a calculation of his damages totalling $91,708.01. Oppenheimer disputed the amount due and offered Merchant $39,942.23, purporting to allow plaintiff thirty days to accept or reject the offer of this amount. After thirty days had passed, Oppenheimer wrote to Merchant claiming that because no response had been received within thirty days, the "offer" was terminated. Plaintiff responded that, although the parties disagreed as to the amount due, Oppenheimer's offer had been accepted by Merchant. Plaintiff added that he would file suit and did so three days later.
 
 
 7
 Oppenheimer now contends that Merchant unconditionally accepted its offer to rescind all securities purchases and plaintiff may not selectively rescind or retain individual securities. The district court found that the Oppenheimer letter of October 7 to Merchant was an offer under Virginia Code Sec. 13.1-522(d) and that Merchant's letter of November 2 was an acceptance. It further found that each sale by an unregistered agent was a separate violation, and Merchant had the right to retain or rescind each transaction. It is obvious from Merchant's letter of November 2, 1982 that he did not know which of his transactions had been handled by an unregistered agent and therefore the letter advised Oppenheimer that each party would need certain additional information from the other party and they should discuss the exchange of information.
 
 
 8
 Subsequent letters were exchanged but the parties could not agree on the amount of the defendant's liability because the defendant contended that it had made an all or nothing offer, while the plaintiff asserted a right to either rescind or retain a stock purchased separate from any other stocks purchased from the unregistered agent.
 
 
 9
 This issue has not yet been decided by the Supreme Court of Virginia under that state's Securities Act, but in Pollok v. Commonwealth, 217 Va. 411, 229 S.E.2d 858 (1976) the court held that the Securities Act was intended to protect investors from the fraudulent sale of securities.
 
 
 10
 Section 13.1-522(a) provides a cause of action in law or in equity to a person purchasing a security that is sold in violation of the Act. Section 13.1-522(d) allows a person liable under Sec. 522(a) to place a time limit upon his liability by making an offer to refund the purchase price. If the purchaser does not accept this offer to refund within 30 days, he is barred from bringing an action under Sec. 522(a). Oppenheimer has tried to use this limitation as a sword and not as a shield, which was obviously the intent of the legislature. Oppenheimer has cited no authority[1] for its interpretation of the section so as to permit an all or nothing offer covering all securities sold in violation of the Act to be repurchased and requiring gains to be used to offset losses. Oppenheimer primarily argues the intent of the parties and the meaning of the correspondence between them. However, the Virginia Securities Act is what must be interpreted, because it establishes the cause of action in the purchaser and the right of the seller to limit his liability.
 
 
 11
 These sections refer to "a security sold in violation" and not to "all securities sold in violation." This would support an interpretation that each transaction is separate and they may not be aggregated over a purchaser's objection.
 
 
 12
 The district court mentioned Piantes v. Hayden-Stone, Inc., 30 Utah 2d 110, 514 P.2d 529 (1973) cert. denied 415 U.S. 995, 94 S.Ct. 1599, 39 L.Ed.2d 893 (1974) as not involving offer and acceptance. However, although the Utah Uniform Securities Act is not identical to the Virginia Act, certain language as to the rights of the purchaser is helpful.
 
 
 13
 [O]ur statute does not require a purchase[r] of securities from an unregistered broker to set aside all transactions but permits rescission of any purchase which the purchaser chooses to make. The protection afforded to a purchaser is for his benefit and is at his option. He need not rescind any transaction unless he chooses to do so. The option is his and his alone. 514 P.2d at 530.
 
 
 14
 There is nothing in the language of the Virginia Act to support Oppenheimer's claim of a right to repurchase securities which Merchant does not wish to sell or to require Merchant to reduce his losses by his gains. The clear language of the Act, when considered with its purpose of protecting purchasers, supports the holding of the district court that the buyer of securities may recover damages for any sale of securities in violation of the statute, regardless of whether the buyer happened to profit from other sales of securities in violation of the statute.
 
 
 15
 We find no merit in appellant's exception as to the computation of interest from the date of purchase.
 
 
 16
 In a footnote the district court concluded that, because the decision was based on breach of statutory contract and not Sec. 13.1-522(a), the plaintiff was not entitled to attorneys' fees. The problem with this conclusion is that the contract itself arose under the Virginia Securities Act. Further, when read as a whole, Sec. 13.1-522 provides for attorneys' fees and costs when a plaintiff sues and successfully establishes that defendant is liable for failure to register. The procedures outlined under subsection (d) obviate the need for filing suit. In the instant case, the plaintiff was forced to file suit to obtain the remedy provided by the statute. Thus, the facts of this case do not track the procedure contemplated by subsection (d). As the district court observed, the statute was intended to benefit buyers of securities. Merchant v. Oppenheimer at 644, citing Pollok v. Commonwealth, 217 Va. 411, 413-414, 229 S.E.2d 858, 859-860 (1976). The instant case is one in which an award of attorneys' fees fulfills the very purpose that the legislature intended for the statute to accomplish--to make an injured buyer whole. We, therefore, remand the case to the district court for the determination of appropriate attorneys' fees and costs.
 
 
 17
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 [1]
 Neither party could find a decision on point and our search has been fruitless