HOUSTON *v.* HOLMES.

(Division B.   October 13, 1947.)

[32 So. (2d) 138.   No. 36548.]

**Stone & Stone,** of Coffeeville, and **Marshall Perry.** of Grenada, for appellant.

**W. M. Mitchell,** of Grenada, for appellee.

302

**Griffith, P. J.,** delivered the opinion of the court.

Section 8091, Code 1942, provides that no person shall operate a motor vehicle upon the public streets or highways without first obtaining an operator's license, save as to those expressly exempted. And Section 8114 provides that every such license shall expire one year from the date of its issuance, unless previously revoked. Section 8094 provides that every applicant for a new or original license shall file an application therefor on a prescribed form, and Section 8096 requires that when the applicant is under seventeen years of age the application shall be signed and verified by the father and mother of the applicant if both are living and have custody of him, and provides further that the negligence of a minor under the age of seventeen years when driving a motor vehicle upon a highway, shall be imputed to the person who signed the application of the minor for an operator's' license, and that the person so signing shall be jointly or severally liable with such minor for any damages caused by such negligence.

On May 20, 1944, an application was made for an operator's license for Frank Houston, then fifteen years old, the son of appellant. This application was signed by appellant and the license was issued on May 24, 1944. Hence it expired on May 24, 1945. On July 31, 1945, the minor, then still under the age of seventeen years, applied for a renewal of his license, but the application was not signed by appellant. On December 11th, the minor, while driving an automobile negligently, inflicted damage upon

the property of appellee for which damages appellee brought an action against appellant, the minor's father, and recovered judgment, appellee contending that although appellant had not signed the application on July 31, 1945, for the renewal license which was in force at the time of the accident, his signature on the application for the original license was sufficient unde Section 8096 to carry over the liability as an incident to the renewed license. Appellant contends that when the original license for which appellant joined in the application expired on May 24, 1945, his liability under the statute expired with it.

No case in point is cited by either party, nor have we found any on a statute precisely like that now before us. We think, however, that the principle to be applied is manifest and well settled.

The so-called "family purpose doctrine" has been definitely rejected in this state, Dement v. Summer, 175 Miss. 290, 300, 165 So. 791, so that there is no common-law liability against the father; and if he is liable, it must be solely under the terms of the cited statute.

Statutes in derogation of the common law are, as a general rule, strictly construed, City of Jackson v. Wallace, 189 Miss. 252, 259, 196 So. 223, under which rule, legislation creating a liability where no liability existed at common law should be construed most favorably to the person or entity subjected to the liability, and against the claimant for damages. 50 Am. Jur., Statutes, Sec. 402, p. 426. Such a statutory liability is not to be extended "beyond that which is clearly indicated by express terms or by necessary implication from the language used;" statutes creating liabilities which did not exist at common law "although supposed to be founded on considerations of public policy and general convenience are not to be extended beyond the plain intent of the words of the statute." Compare Mellott v. Love, 152 Miss. 860, 866,

119 So. 913, 64 A. L. R. 968 and Sanders v. Neely, 197 Miss. 66, 82, 19 So. (2d) 424.

This is the only safe course for the courts to pursue. The legislative department is conclusively presumed to know the rule and that legislative enactments of the character here in question will be construed in accordance with it.

Neither by the express terms nor by necessary implication is it plain that it was the intent of the statute to make a person, who had signed an application for an operator's certificate for a minor, liable beyond the year for which the license was issued; wherefore it is not within the legitimate authority of the courts to enlarge upon the language so as to make it extend over and into a coverage for damages inflicted while the minor was operating under another license for another and a different year.

There is another interesting approach to the question: The statute places the father who signs an application such as this in a position analogous to that of a guarantor. Under analogous principles such a statute should be construed in favor of the guarantor as is done when the guaranty arises under contract, that is to say, the construction should be in his favor rather than against him when more than one construction is permissible. Under this principle it is held in the majority of the cases that when a bond is given to secure the proper performance of his obligations by one to whom a license is to be issued, the bond expires with the license. 33 Am. Jur., Licenses, Sec. 56, p. 375. However, we rest our decision on what has been said in the next peceding paragraphs.

The peremptory charge requested by appellant should have been granted.

Reversed, and judgment here for appellant.