CARTER, et al. *v.* GRAVES

No. 40424          March 11, 1957          93 So. 2d 177

*E. B. Todd,* Jackson, for appellants.

*W. E. McIntyre, Jr.,* Brandon, for appellee.

McGEHEE, C. J.

This suit was instituted in a justice of the peace court in Rankin County against the appellant Wilba Glynn Carter and his father and mother, Mr. and Mrs. J. M. Carter, by the plaintiff G. H. Graves, to recover

the sum of $136.75 as damages alleged to have been caused to the plaintiff's automobile by the negligence of the said Wilba Glynn Carter, a minor, who was over the age of seventeen years on August 4, 1955, when he is alleged to have negligently operated an automobile and caused the damage to the automobile of the plaintiff.

On August 26, 1954, the said minor applied for a license to operate an automobile in the State of Mississippi, when he was then under seventeen years of age, having been born on April 7, 1938. His said father and mother signed the application for the license. Section 8096, Code of 1942, Subsection (b) thereof reads in part as follows:

"Any negligence or wilful misconduct of minor under the age of seventeen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly or severally liable with such minor for any damages caused by such negligence or wilful misconduct * * *".

On December 16, 1955, the process for the defendants in the justice of the peace court reads as follows:

"THE STATE OF MISSISSIPPI,

"TO ANY LAWFUL OFFICER OF RANKIN COUNTY:

"This is to command you to summon WILBA GLYNN CARTER, J. M. CARTER, MRS. J. M. CARTER to appear before me, a Justice of the Peace of said County, at my office on Jail Street, on the 16th day of January, 1956, at ten o'clock A. M., to answer the SUIT of G. H. GRAVES, ASSIGNEE OF J. C. MURRY and have there then this writ.

"Witness my hand, this 16th day of December, 1955.
"/s/ H. P. Stockstill, J. P."

The return of the sheriff thereon reads as follows: "I have this day executed the within Writ on Wilbur Glenn Carter the within named Defendant, by leaving a true copy of the same in my County, with J. M. Carter, member of his family above the age of sixteen years, and willing to receive such copy. The said Defendant not found in my County.

"This the 16th day of December A. D., 1955 "*D. P. Gayden, Jr. Sheriff of Rankin County* by J. R. Edwards, Jr. D. S." A separate summons was duly and personally served on each of the adult defendants, Mr. and Mrs. J. M. Carter.

Section 1863, Code of 1942, reads as follows: "If the defendant be an unmarried infant, the process shall be served on him personally, and upon his father or mother or guardian, if he have any in this state, but if he be married, process may be served as on an adult. If an unmarried infant be joined as codefendant with his father or mother or guardian, it shall not be sufficient to summon such infant and his father, or such infant and his mother, or such infant and his guardian, in one process, but one copy of the process shall be served on the infant personally and a copy served personally on such father or mother or guardian."

The judgment rendered by the justice of the peace in favor of the plaintiff and against the three defendants, based upon the verdict of the jury, was for the sum of $136.75. The judgment of the justice of the peace recited, among other things, that plaintiff "appeared in open court and announced ready for trial", and that the defendants "appeared in open court with their attorney and announced ready for trial". The record further discloses without dispute that the minor defendant was unmarried, and it is also to be conceded that no copy of the summons was served upon him. He signed the appeal bond along with his parents for the appeal to the Circuit Court of Rankin County. It does not ap-

pear that the plaintiff was represented by an attorney in the justice of the peace court.

In the circuit court the minor defendant filed a plea to the jurisdiction of the court on the ground that he had not been legally served with process, and his father and mother filed an answer in their own right, denying the material allegations of the declaration of the plaintiff, and alleging that the application for the driver's license executed by Wilba Glynn Carter shows that at the time and on the date of the alleged negligent act of the said Wilba Glynn Carter he was more than seventeen years old, and that the application signed by them was prepared and furnished by the Commissioner of Public Safety under the authority and provisions of the said Section 8096, Code of 1942, hereinbefore quoted from, and that the said minor being over the age of seventeen years at the time of the said alleged negligent act, his cosigners of the application were not liable therefor under the provisions of the said statute. It is to be noted that subsection (b) of Section 8096, Code of 1942, provides that: "Any negligence or wilful misconduct of a minor *under the age of seventeen years* when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license * * *" (Italics ours.)

In the case of Houston v. Holmes, 202 Miss. 300, 32 So. 2d 138, wherein it was sought to hold the father liable on an application which he had signed for his fifteen-year old son, but which license was renewed at the end of the one-year period without the signature of the father, and where the accident complained of occurred during the period for which the license was renewed, the Court held that the so-called family-purpose-doctrine has been definitely rejected in this State, and that there is no common-law liability against the parent; and if he is liable, it must be solely under the terms of the statute relied on. The Court went on to say that: "Statutes in

derogation of the common law are, as a general rule, strictly construed, City of Jackson v. Wallace, 189 Miss. 252, 259, 196 So. 223, under which rule, legislation creating a liability where no liability existed at common law should be construed most favorably to the person or entity subjected to the liability, and against the claimant for damages. 50 Am. Jur., Statutes, Sec. 402, p. 426. Such a statutory liability is not to be extended 'beyond that which is clearly indicated by express terms or by necessary implication from the language used;' statutes creating liabilities which did not exist at common law 'although supposed to be founded on considerations of public policy and general convenience are not to be extended beyond the plain intent of the words of the statute.' ''

If the Court was without authority to enlarge upon the language of Section 8096, as above-stated in Houston v. Holmes, supra, it is true by the same reasoning that the Court cannot enlarge upon the plain language of the said section in the instant case, wherein the statute says that the negligence of a *minor under the age of seventeen years* when driving a motor vehicle shall be imputed to the person who signed the application, so as to include the negligence of a minor over seventeen years of age at the time of his alleged negligent act.

Moreover, the Court further stated in the case of Houston v. Holmes, supra, that: ''There is another interesting approach to the question: The statute places the father who signs an application such as this in a position analogous to that of a guarantor. Under analogous principles such a statute should be construed in favor of the guarantor as is done when the guaranty arises under contract, that is to say, the construction should be in his favor rather than against him when more than one construction is permissible.''

It is true that the application in the instant case, prepared by the Commissioner of Public Safety,

contains the following statement: "FOR APPLICANTS LESS THAN SEVENTEEN YEARS OLD—TO BE SIGNED BY BOTH PARENTS." "The undersigned agree to accept the responsibility for any negligence or willful misconduct of the person named in this application while he is operating a motor vehicle and to be liable for damages resulting from such misconduct or negligence." If the Commissioner of Public Safety intended by this quoted provision in the application to enlarge the statutory liability of parents who signed the application for this minor, then he would have been without legal authority to bind them to become liable beyond the terms of the statute under which the application with their signatures is provided for. It seems clear to us that this statute, being in derogation of the common law, cannot be thus extended, and that the liability of the signers of the application for the driver's license are only liable for "any negligence or wilful misconduct of a minor under the age of seventeen years when driving a motor vehicle upon a highway." **(Hn 2)** It seems that the license was granted to the minor for a period of two years, and that the accident occurred within the two-year period covered by the license, but we are nevertheless of the opinion that the statute in question imputes to the persons who signed the application of the minor only any negligence or willful misconduct on his part while he is driving a motor vehicle upon a highway while "under the age of seventeen years."

■■ We are therefore of the opinion that the defendants, Mr. and Mrs. J. M. Carter, were entitled to the peremptory instruction as requested, and that since Wilba Glynn Carter, the minor defendant, was not legally served with process, the said minor could not waive any of his rights by a voluntary appearance in court. ■■ No jurisdiction can be had over an infant person except by service of process in the statutory manner. Parker v. Smith, 150 Miss. 849, 117 So. 249.

From the foregoing views it follows that the judgment appealed from must be reversed and a judgment rendered here in favor of the defendants, Mr. and Mrs. J. M. Carter, and that the suit should be dismissed for want of jurisdiction, and without prejudice, as against the minor defendant, Wilba Glynn Carter.

Reversed and judgment here for the appellants, Mr. and Mrs. J. M. Carter; reversed and dismissed without prejudice as to Wilba Glynn Carter.

*Hall, Lee, Kyle* and *Holmes,* JJ., concur.