PREWITT *v.* WALKER, et al.

No. 40522          October 7, 1957          97 So. 2d 514

*Charles C. Jacobs, Jr.,* Cleveland; *Carlton & Henderson,* Sumner; *John L. Hatcher,* Cleveland, for appellant.

*Breland & Whitten,* Sumner, for appellees.

HALL, J.

This suit was brought in the Circuit Court of Tallahatchie County by Mrs. Dois Prewitt against Bobby Gene Walker, a minor, and also against his father and mother for the recovery of damages for serious and permanent personal injuries sustained by Mrs. Prewitt when an automobile driven by Bobby Gene Walker on a side street in the City of Cleveland, Mississippi, ran past a stop sign at a high rate of speed, without stopping or slowing down, and struck broadside an automobile in which Mrs. Prewitt was riding with her husband and two children, causing it to be practically demolished.

The declaration is in two counts. The first count charges that Bobby Gene Walker was a reckless and dangerous driver and had a reputation for so being, and that these facts were known to his parents, or should have been known by the exercise of reasonable care. The

second count charges that Bobby Gene Walker was a minor, 16 years of age, at the time of the collision and that he obtained a driver's license by virtue of a fraudulent statement in his application therefor by stating that he was born on October 21, 1932, when as a matter of fact he was born on October 21, 1938, and as a result of his fraudulent representation as to his age a driver's license was issued to him on July 6, 1954. The collision occurred on August 18, 1955, at a time when the minor defendant was under the age of 17 years. The declaration charges that the driver's license was obtained by fraud and that the parents of the minor defendant knew that it was obtained by a fraudulent representation as to his age and that they did not sign the application for a driver's license as required by Section 8096, Code of 1942, but permitted him to drive upon the roads and highways of the State of Mississippi with knowledge of the fact that he was not lawfully licensed under the laws of this State, all in violation of Section 8112, Code of 1942.

The proof in the case did not show that the minor was a reckless or incompetent driver, nor did it show that he had the reputation of so being. The only proof in this respect was that of his mother who testified without dispute that he had a good reputation for being a careful and competent driver. The first count of the declaration, being supported by no proof, was virtually abandoned.

On the night in question Mrs. Walker had gone to a hospital in Cleveland to visit a friend and she left her car parked in front of the hospital with the key in the switch. Later her husband and son came to the hospital and came to the room where she was visiting and in a few minutes the son left the room and, without the knowledge or consent of either his father or mother, went and got in the car and proceeded to drive on the streets of the City of Cleveland and while he was thus engaged the

accident in question occurred. The minor did not testify but his mother was called as an adverse witness and she said that she had no knowledge whatever as to when he got his driver's license.

The highway patrolman who examined the minor defendant and took his application for the driver's license identified the application and testified that the minor defendant told him that he was born on October 21, 1932, and the application so shows. It also shows that the minor defendant on that occasion was operating an automobile registered in the name of his father and also that the minor defendant exhibited the driver's license of his father, the number of which was set down on the application, but the patrolman did not remember whether the father was present.

At the conclusion of the evidence, the trial court sustained a motion made by the father and mother to exclude the evidence as to them and to peremptorily instruct the jury to render a verdict in their favor and he granted a peremptory instruction to the plaintiff and against the minor defendant on the issue of liability and submitted to the jury the determination of the amount of damages which they would award. The jury returned a verdict for the plaintiff in the sum of $5,000, which, on motion of the plaintiff for a new trial, was by the lower court set aside as being grossly inadequate and a new trial was ordered against the minor as to the amount of damages only. From which action as to the father and mother, Mrs. Prewitt appeals.

■■■ Section 8096, Code of 1942, provides: "Applications of minors. (a) The application of any person under the age of seventeen years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by both the father and mother of the applicant, if both are living and have custody of him, or in the event neither parent is living then by the person or guardian having such

custody or by an employer of such minor, or in the event there is no guardian or employer then by any other responsible person who is willing to assume the obligation imposed under this Act upon a person signing the application of a minor.

"(b) Any negligence or wilful misconduct of a minor under the age of seventeen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly or severally liable with such minor for any damages caused by such negligence or wilful misconduct (except as otherwise provided in the next succeeding paragraph).''

Counsel for appellant admit that the application of the minor was not signed by either the father or mother or by any other person willing to assume the obligation imposed under the Act in question, but argue that there are certain inferences which may be made from the evidence which would justify submitting to the jury the question of liability of the father and mother of the minor, and the two inferences upon which the appellant relies are (1) that the jury could reasonably infer that the appellee L. C. Walker actually did accompany his minor son and presented his driver's license to the examining officer, and if the jury so believed, then L. C. Walker actually participated in the fraud and would be liable under the statute as though he had actually signed the application; and (2) it is contended that the jury could reasonably infer that the minor son presented his father's driver's license to the examining officer, the father having voluntarily surrendered his license into the possession of his son, knowing the purpose for which it was to be used, and that if the jury so believed then L. C. Walker ratified the fraud of his minor son in that he knowingly allowed a fraud to be committed for his own benefit. Appellant admits that a third inference could be drawn by the jury that the minor son presented his father's license to the

officer after having stolen the same from his father and without the consent or knowledge of his father, in which event the parents are free of fraudulent conduct.

In the case of Houston v. Holmes, 202 Miss. 300 (303-304), 32 So. 2d 138, this Court had occasion to construe Section 8096, and among other things said:

"The so-called 'family purpose doctrine' has been definitely rejected in this state, Dement v. Summer, 175 Miss. 290, 300, 165 So. 791, so that there is no common-law liability against the father; and if he is liable, it must be solely under the terms of the cited statute.

"Statutes in derogation of the common law are, as a general rule, strictly construed, City of Jackson v. Wallace, 189 Miss. 252, 259, 196 So. 223, under which rule, legislation creating a liability where no liability existed at common law should be construed most favorably to the person or entity subjected to the liability, and against the claimant for damages. 50 Am. Jur., Statutes, Sec. 402, p. 426. Such a statutory liability is not to be extended 'beyond that which is clearly indicated by express terms or by necessary implication from the language used;' statutes creating liabilities which did not exist at common law 'although supposed to be founded on considerations of public policy and general convenience are not to be extended beyond the plain intent of the words of the statute.' Compare Mellott v. Love, 152 Miss. 860, 866, 119 So. 913, 64 A. L. R. 968 and Sanders v. Neely, 197 Miss. 66, 82, 19 So. 2d 424.

"This is the only safe course for the courts to pursue. The legislative department is conclusively presumed to know the rule and that legislative enactments of the character here in question will be construed in accordance with it.

"Neither by the express terms nor by necessary implication is it plain that it was the intent of the statute to make a person, who had signed an application for an operator's certificate for a minor, liable beyond the year

for which the license was issued; wherefore it is not within the legitimate authority of the courts to enlarge upon the language so as to make it extend over and into a coverage for damages inflicted while the minor was operating under another license for another and a different year.''

In the case of Carter v. Graves, 93 So. 2d 177, (not yet reported in the State Reports), this Court cited and quoted from Houston v. Holmes, supra, and followed the law as therein announced.

Appellant brings to our attention and relies upon Section 8112 of the 1942 Code, which provides that no person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under the Act or in violation of any of the provisions of the Act. But there is no proof in this case that the father or mother authorized or knowingly permitted the minor to drive on the occasion in question.

In Houston v. Holmes, supra, this Court said that legislation creating a liability where no liability existed at common law should be construed most favorably to the person or entity subjected to the liability, and against the claimant for damages, and that such a statutory liability is not to be extended beyond that which is clearly indicated by express terms or by necessary implication from the language used. We therefore do not think that we are authorized to extend the Act in question, particularly under the facts of this case, to cover the claimed liability of the father and mother of the minor.

The judgment appealed from will therefore be affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.