130 So.2d 720 (1961)
Hascal D. WATKINS, Ind., etc.
v.
Truly CUPIT.
No. 5357.
Court of Appeal of Louisiana, First Circuit.
May 22, 1961.
*721 Weber & Weber, Baton Rouge, Lenox L. Forman, Meadville, Miss., for appellant.
Dyer & Parker, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
JONES, Judge.
Plaintiff's minor son, driving a motorcycle, and defendant's minor son, driving *722 an automobile, were involved in a collision at the intersection of Scenic Highway and Adams Avenue in Baton Rouge, Louisiana, on the morning of March 9, 1956. The defendant, Truly Cupit, is domiciled and resides in the State of Mississippi. At the time of the accident sued upon, his minor son was living and working in Baton Rouge. Exceptions of no right of action and no cause of action were filed in the trial court and overruled. After a trial on the merits, the trial judge found that defendant's son was guilty of negligence proximately causing the accident and awarded plaintiff a judgment in the sum of $4,451.43 for medical expenses incurred and $2,500 for the use and benefit of his minor son. There was no insurance coverage, and the trial court considered evidence as to the defendant's ability to respond in damages and, obviously, in the light of defendant's limited means narrowed his award for the injuries to plaintiff's minor son.
Defendant appealed, alleging the following errors:
1. The trial court erred in its interpretation of the case of Toca v. Rojas in determining when a parent's responsibility is suspended or interrupted.
2. The trial court erred in its interpretation of Civil Code Article 2318 as applied to the case at bar.
3. The trial court erred when it applied Louisiana law to regulate the legal relations between a Mississippi domiciliary and his son.
As has been indicated, defendant admittedly is domiciled in Mississippi. By stipulation, counsel for plaintiff and defendant admitted that at the time of the accident involved herein "the defendant's minor son was residing in East Baton Rouge Parish at the municipal address 2956 Amarillo Street and was working at a Baton Rouge fruit store. He had resided in East Baton Rouge Parish for approximately two or three months." Under the laws of Mississippi, there is no common-law liability against the parent for the torts of his minor child. Houston v. Holmes, 202 Miss. 300, 32 So.2d 138; Carter v. Graves, 230 Miss. 463, 93 So.2d 177. Under the law of Louisiana, the contrary is true. Article 2318 of the LSA-Civil Code provides:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons."
It must therefore be determined whether the law of Louisiana or that of Mississippi is to be applied. As the trial judge properly found in disposing of the exceptions of no right and no cause of action, it is clear that the rights and liabilities of the parties are to be determined by the laws of Louisiana. The clear weight of authority is that the rights and liabilities of parties in tort actions are determined by the laws of the state in which the tort is committed. See Mock v. Maryland Casualty Co., La.App., 6 So.2d 199, and Matney v. Blue Ribbon, 202 La. 505, 12 So.2d 253, and the authorities cited therein.
We will now turn to the specification of errors of which the defendant complains. Counsel for defendant urges that the trial court erred in its interpretation of LSA-Civil Code Article 2318 and the case of Toca v. Rojas, 152 La. 317, 93 So. 108. In his reasons for judgment on the exceptions, the trial judge said:
"There is no dispute as to the plain provisions of LSA-Civil Code Article 2318 that a father is responsible for the torts of his minor child residing with him. The dispute is as to whether in the instant case the minor was residing with his father. It is exceptor's contention that the phrase `residing with' in the codal article means `actually living in the same dwelling house with' (his father). I know of no authority supporting this contention."
*723 We are of the same opinion. As a matter of law, the residence of an unemancipated minor is that of his father unless changed in some manner prescribed by law. McInnis v. Terry, La.App., 121 So.2d 329, LSA-Civil Code Article 39. Counsel for defendant contends that, as used in Article 2318, there is a difference between domicile and residence. We do not agree with this position. As stated in Toca v. Rojas, supra [152 La. 317, 93 So. 111], "the minor, John Rojas, could have no other residence than that of his father, that residence continued until changed in some manner provided by law." See Jackson v. Ratliff, La.App., 84 So.2d 103; Simmons v. Sorenson, La.App., 71 So.2d 377; LaRue v. Adam, La.App., 59 So.2d 839, for examples of interruption of parental authority by operation of law.
The theory of vesting liability in the father for the torts of his minor is clearly stated in Planiol, Traite Elementaire De Droit Civil, Vol. 2, Part 1, Nos. 909-910. In commenting on Article 1384 of the Code Napoleon of 1804, which is the source article of Article 2318 of the Revised Civil Code, it is stated:
"In truth, responding for the act of a minor is not responsibility for the act of another, but for one's own act; a person himself at fault, for not having supervised with sufficient strictness the minor confided to his care. He responds therefor, for his personal fault, * * *"
at pages 507-508. Further quoting:
1. Father and Mother. It is the father who is primarily responsible; * * *.
"It is necessary that the child live with his father or his mother; `living with them' is the language of Article 1384.
"Consequently, there is no responsibility, if the child lives regularly elsewhere as an intern, in an institution of learning, as an apprentice, or as a domestic; the responsibility of parents in such cases is replaced by that of persons who have charge of the surveillance of the child. * * * On the contrary, the responsibility of the parents subsists, if they permit him to reside outside or to be a vagabond." (Italics ours.)
In light of the above and the authorities heretofore cited, we are of the opinion that the authority and responsibility of the father obtains even when the minor quits the parental roof, unless the parental authority and control of the father over his son has been suspended, interrupted or destroyed by operation of law.
It is clear that the defendant must allege and prove that by operation of law the father has been deprived of the control of the minor or that by some act of law the residence of the minor has been made different from his own. Simmons v. Sorenson, supra; Jackson v. Ratliff, supra; LaRue v. Adam, supra; Toca v. Rojas, supra; McInnis v. Terry, supra; Maloney v. Goelz, 12 La.App. 31, 124 So. 606. It is not revealed by the pleadings or the record in this case that there was any interruption of the parental authority or responsibility.
Having determined that defendant is legally responsible for the acts of his minor son, we turn to the facts of the accident itself. The trial court found the defendant's son guilty of negligence proximately causing the serious personal injuries to plaintiff's minor son and awarded damages. While defendant has not assigned any error on the part of the trial judge in reaching such conclusion, we consider it essential to briefly treat of this phase of the case. The trial judge in his written reasons for judgment stated:
"For convenience in discussing the accident the minors will be referred to as plaintiff and defendant.

*724 "Plaintiff was traveling south and defendant north on Scenic Highway. Plaintiff testified that he had been traveling in the outside traffic lane, Scenic Highway having four traffic lanes; that it was necessary for him to make a left turn a short distance south of the intersection, and that when he was about one block from the intersection he moved over into the inside lane; that he saw the defendant approaching from the opposite direction traveling in his inside lane; that they reached the intersection at the same time; that defendant suddenly turned his car to his left and struck plaintiff. Defendant testified that when he reached the intersection and prepared to make a left turn he saw plaintiff approaching in his outside lane; that he pulled his car over about three feet into the southbound lane and stopped; that plaintiff was then about one-half block away and still in his outside lane; that he did not observe plaintiff again until after the accident.
"There were no other witnesses to the accident, and there is a sharp conflict between the testimony of plaintiff and defendant on some points. The investigating officer placed the point of collision six feet over in the southbound lane and at or very near the south line of Adams Avenue. In my opinion these facts support plaintiff's version of the accident, and they clearly show negligence on the part of the defendant."
Thus it is apparent that the trial judge found defendant's son to be guilty of negligence in two respects. First, in suddenly turning to his left and into the proper traffic lane of the plaintiff's son, and, second, in not keeping a proper lookout. We agree with the District Judge that it was these two acts of negligence on the part of defendant's son that constituted the proximate cause of the accident.
The medical expenses of plaintiff's son in the sum of $4,451.43 were proven and properly allowed. An award of $2,500 was made for pain and suffering and permanent disability of the plaintiff's son. Ordinarily we would not consider this award sufficient; however, the record reflects that the defendant owned 300 acres of land valued at $10 per acre on which there was a mortgage. He also owned a 1957 Buick and a 1957 Ford truck which he used for hauling pulpwood. He earned $1,200 per year. In view of these facts, we are of the opinion that the defendant's ability to respond in damages is limited and the award by the District Court is just and equitable.
Accordingly, for the above and foregoing reasons, the judgment of the District Court will be affirmed.
Affirmed.