# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CT-01368-SCT

*LINCOLN E. WARREN, SR., BY LINCOLN E.
WARREN, JR., CONSERVATOR*

*v.*

*JACK L. GLASCOE AND MARGARET C. GLASCOE*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                8/7/2001
TRIAL JUDGE:                     HON. W. SWAN YERGER
COURT FROM WHICH APPEALED:       HINDS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:         BILL WALLER, SR.
ATTORNEYS FOR APPELLEES:         JOSHUA J. WIENER
                                 WILLIAM W. McKINLEY, JR.
NATURE OF THE CASE:              CIVIL - PERSONAL INJURY
DISPOSITION:                     AFFIRMED - 07/01/2004
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    In November 1998, Lincoln E. Warren, Sr. was injured by a car driven by Daniel Shields, the 15-year-old grandson of Jack L. and Margaret C. Glascoe.  Shields was driving his grandfather's car under a learner's permit at the time of the accident.  Warren filed suit in the Hinds County Circuit Court[1] alleging

---

[1] When the suit was initially filed in 1999, not only were the Glascoes named as defendants, but also Daniel Shields, by and through his parents and next friends, Dennis J. and Donis G. Shields; United States Fidelity and Guaranty Company; and American Family Home Insurance Company.  Summary judgment in favor of the insurance companies was entered in February, 2000, and certified pursuant to Rule 54(b).  The appeal from that judgment was heard by the Court of Appeals, which affirmed the trial court.  *See*

that the Glascoes were liable for his injuries on the grounds of negligent entrustment, negligent supervision, and vicarious liability. The circuit court granted summary judgment in favor of the Glascoes, certified as final pursuant to M.R.C.P. 54(b).[2] Warren filed a timely appeal, and the Court of Appeals affirmed the circuit court's dismissal in a unanimous decision. *Warren ex rel. Warren v. Glascoe*, 852 So. 2d 634 (Miss. Ct. App. 2003). Following denial of Warren's motion for rehearing, he filed a petition for writ of certiorari requesting: interpretation and strict construction of the learner's permit statute, as a case of first impression; determination of what, if any, legal relationship exists between a learner's permit driver and a guest passenger; and consideration of all theories of negligence not addressed by the trial court and Court of Appeals.

¶2.     Because this is a case of first impression, we granted the petition for certiorari. After careful consideration of all issues, we hold that Miss. Code Ann. § 63-1-21 (Supp. 2000) does not impute the negligence of the permittee to the licensed driver who is occupying the seat beside the permittee. Further, we hold that the record before us does not sustain any of the other theories of negligence asserted by Warren. Therefore, we affirm the Court of Appeals' affirmation of the trial court's grant of summary judgment.

**FACTS**[3]

---

*Warren ex rel. Warren v. United States Fidelity & Guar. Co.*, 797 So. 2d 1043 (Miss. Ct. App. 2001).

[2] This judgment left only the Shields as defendants in the original action. All action against them was stayed by the Bankruptcy Court in December, 2000.

[3] The facts as stated are adopted from the Court of Appeals' opinion in *Warren ex rel. Warren v. Glascoe*, 852 So. 2d 634, 637 (Miss. Ct. App. 2003).

¶3. After spending the night in Jackson with his grandparents, Margaret and Jack Glascoe, 15 year old Daniel Shields drove Margaret to Yazoo City and back to Jackson in Jack's automobile. Daniel had received his learner's permit approximately thirty days earlier. On the return trip, Daniel collided with a vehicle driven by Lincoln Warren, Sr. on County Line Road in Ridgeland. Warren alleges that since the accident he suffers from a semi-comatose condition.

## STANDARD OF REVIEW

¶4. We have stated:

> The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts a de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light, most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.
>
> The focal point of our standard for summary judgment is on material facts. If the party opposing the motion is to avoid entry of an adverse judgment, he or she must bring forth evidence which is legally sufficient to make apparent the existence of triable fact issues. Summary judgment is mandated where the nonmoving party fails to show evidence sufficient to establish the existence of an essential element of his case.

*Sligh v. First Nat'l Bank of Holmes County*, 735 So.2d 963, 965-66 (Miss. 1999) (internal citations omitted).

¶5. On appeal, the trial court's decision is reversed only if it appears that triable issues of fact remain when the facts are viewed in the light most favorable to the nonmoving party. *Rawson v. Jones*, 816 So.2d 367, 369 (Miss. 2001).

## ANALYSIS

**1.     What duties, if any, are imposed on the adult licensed driver who must occupy the vehicle when the permittee is licensed under Miss. Code Ann § 63-1-21.**

¶6.     Warren alleges that the Glascoes were negligent in their supervision of Daniel as he drove on November 7, 1998.  In particular, Warren alleges that the Glascoes were negligent in (1) allowing a beginner driver to drive a large vehicle on main roads and highways, (2) not controlling the activities of the driver, including a left turn into a head-on collision, (3) allowing Daniel to drive over six (6) hours of time through numerous areas including stops to accommodate the needs and wishes of the co-driver, and (4) failure to warn.  Warren alleges that the Glascoes' duty to supervise Daniel in his operation of the automobile arose from Miss. Code Ann. § 63-1-21.

¶7.     Since 1995, Miss. Code Ann. § 63-1-21 has provided, in its second paragraph[4] that:

> A temporary driving permit entitles the holder, provided the permit is in his immediate possession, to drive a motor vehicle other than a motorcycle on the highways of the State of Mississippi only when accompanied by a licensed operator who is at least twenty-one (21) years of age and who is actually occupying the seat beside the driver.

It did not include any requirement of supervision by the accompanying adult driver.  An amendment in 1995 added a supervision requirement for a restricted motorcycle operator's license, but did not add any supervision requirement for an automobile operator's license.  Only in the 2000 amendment to § 63-1-21 was the statute changed to add subsection (3) which requires that an "**intermediate licensee must be supervised**" by the accompanying adult.  But even with this addition, no comparable change was

---

[4] The first paragraph pertains to the fee to be paid to the Department of Public Safety.

made to add a supervision requirement to subsection (2). The accident involved in the present case occurred in 1998.

¶8. Although the statute in effect in 1998 does not explicitly require the licensed driver to supervise the permittee, Warren argues that it is the implicit intent of the Mississippi Legislature in requiring a co-driver who is over the age of twenty-one to assure that there is a co-driver with sufficient skill and maturity to properly supervise the beginning driver.

¶9. The Glascoes argue that the Legislature consciously intended to limit vicarious liability for the negligence of a minor driver to the individual(s) signing the minor's application for a license and/or permit, pursuant to Miss. Code Ann. § 63-1-25 (2002), which states as follows:

> Except as otherwise provided in section 63-1-27,[5] any negligence or wilful misconduct of a minor under the age of seventeen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly or severally liable with such minor for any damages caused by such negligence or wilful misconduct.

¶10. The requirement of § 63-1-21, that a licensed driver at least twenty-one (21) years of age accompany and be seated beside the driver, does not explicitly impose any duty on the licensed driver, nor is the requirement intended to make the licensed driver vicariously liable for the negligent acts of the minor. At first view, that requirement coupled with the provisions of § 63-1-25, would indicate no need for further analysis. Nevertheless, because this is a case of first impression, we write summarily to provide guidance for the bench and bar, and should it choose to consider further amending the statute, for the Legislature.

---

[5] This section provides a process whereby the person signing the application may request and obtain release from liability imposed under Section 63-1-25.

¶11.    Whether a duty exists is a question of law. ***Rein v. Benchmark Constr. Co.***, 865 So.2d 1134, 1143 (Miss. 2004).  In interpreting the legislative intent behind Miss. Code Ann. § 63-1-21, this Court follows the long established rule that statutes that are in derogation of the common law are, as a general rule, strictly construed, not extending liability "beyond that which is clearly indicated by its express terms." ***Houston v. Holmes***, 202 Miss. 300, 303, 32 So.2d 138, 139 (1947).

¶12.    In its original adoption of Miss. Code Ann. § 63-1-21, the Legislature did not provide a stated purpose for the statute.  Two years after the accident which is the subject of this case, in its 2000 amendment, the legislature stated that it "has recognized the need to develop a graduated licensing system in light of the disproportionately high incidence of motor vehicle crashes involving youthful motorists.  This system will improve highway safety by progressively developing and improving the skills of younger drivers in the safest possible environment, thereby reducing the number of vehicle crashes."[6]

¶13.    In 2000, when adding subsection (3), the Legislature made no change in the requirement that the accompanying licensed driver had to be at least twenty-one (21) years of age, but did add an intermediate license provision in which the supervision language appears for the first time.  The language following the 2000 amendment reads as follows:

> (3) An intermediate license allows unsupervised driving from 6:00 a.m. to 10:00 p.m.  At all other times the intermediate licensee must be supervised by a parent, guardian or other person age twenty-one (21) years or older who holds a valid driver's license under this article and who is actually occupying the seat beside the driver.

---

[6] *See* Laws 2000, Ch. 624, § 1.  This language tracks the graduated driver licensing model law, approved by the National Committee on Uniform Traffic Laws and Ordinances (NCUTLO).

¶14.     The 2000 legislative amendments to § 63-1-21 did not exist at the time of the accident in this case and thus are not applicable to impose any duty of supervision or liability upon Jack or Margaret Glascoe under any of the theories argued by Warren.  Therefore, this Court holds that the trial court's granting of summary judgment in favor of the Glascoes was proper, based on the plain language of Section 63-1-21 as it existed at the time of the accident and the record before this Court on appeal.

## CONCLUSION

¶15.     For these reasons, we affirm the judgments of both the trial court and the Court of Appeals.

¶16.     **AFFIRMED**.

**SMITH, C.J., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  WALLER, P.J., AND DIAZ, J., NOT PARTICIPATING.**