WHIPPLE, C.J. 12This matter is before us on appeal by plaintiff, Doy E. Cothern, from a judgment of the trial court granting a peremptory exception raising the objection of no cause of action and dismissing, with prejudice, plaintiffs claims against defendants, John Barber and Bridgette Barber. For the following reasons, we affirm the judgment of the trial court. FACTS AND PROCEDURAL HISTORY On or about July 30, 2104, plaintiff Doy E, Cothern was involved in an automobile accident with defendant Kalyn Barber in Bogalasa, Louisiana, resulting in injuries to Cothern. At the time of the accident, Kalyn Barber was eighteen years old and was driving a vehicle owned by James Jordan. Cothern filed a lawsuit on June 25, 2015, seeking damages for injuries sustained as a result of the automobile accident. Named as defendants in Cothem’s lawsuit were: Kalyn Barber; James Jordan; State Farm as the automobile liability insurer of Jordan; State Farm as the underinsured motorist insurer of Cothern; Kalyn’s parents, John and Bridgette Barber (“the Barbers”); Geico Insurance Company as the automobile insurer of the Barbers; and an unnamed insurer as the Barbers’ homeowners insurer. In pertinent part, the petition alleged that Kalyn was a Mississippi-licensed motorist, who was living outside of her parents’ residence in Mississippi. The petition further alleged that Kalyn’s parent(s) had signed her application for a driver’s license as an unemancipated minor prior to her seventeenth birthday and, thus, were vicariously liable for her negligence in causing the automobile accident ^pursuant to Mississippi Code Section 63-1-25[1] and LSA-C.C. art, 221.[2] A curator ad hoc was appointed to represent the interest of the Barbers. Thereafter, the curator filed a peremptory exception raising, the objection of no cause of action on behalf of the Barbers,[3] contending that: (1) Kalyn was eighteen at the time of the accident and, thus, Mississippi Code Section 63-1-25 is inapplicable; and (2) LSA-C.C, art. 221 is likewise inapplicable because the father’s administration of his minor’s estate terminates at the time of majority of the child, which, pursuant to LSA-C.C. art. 29, is attained upon reaching the age of eighteen. Prior to a hearing on the Barbers’ exception of no cause of action, Cothern filed a second amended and supplemental petition,[4] deleting any reference to Mississippi Code Section 63-1-25, but still naming the Barbers as defendants in the lawsuit on the basis that Kalyn was subject to the tort laws of Louisiana, including LLSA-C.C. art. 2318,[5] as well as the Louisiana Civil Code articles governing conflict of laws. Cothern attached to the amended petition a copy of Mississippi Code Section 1-3-27, which states that the term “minor” includes any person under twenty-one years of age. Accordingly, in his opposition to the exceptions raised by the Barbers, Cothern argued that because Kalyn was a domiciliary of Mississippi, her status as a minor should be determined by the law of Mississippi, in particular Miss. Code Arm. 1-3-27, and Kalyn (age eighteen at the time of the accident) would be a minor under Mississippi law. On February 12, 2016, the trial court held a hearing, on exceptions filed on behalf of the Barbers, including the exception of no cause of action After hearing argument of counsel, the trial court sustained the exception of no cause of action,[6] noting that: (1) the negligence of the Barbers is entirely predicated on the negligent acts of their daughter; (2) pursuant to LSA-C.C. art. 3615, Louisiana had the greater intérest in the litigation; (3) under Louisiana law, Kalyn' is an adult for purposes of tort liability; and (4) thus, the provisions of LSA-C.C. art. '2318 regarding liability of parents for their minor children are not applicable. A final judgment was signed..on March 15, 2016, granting the peremptory exception of no cause, of action and dismissing, with prejudice, Cothern’s claims against the Barbers. |fiCothern then filed the instant appeal, seeking review of the March 15, 2016 judgment of the trial court. DISCUSSION On appeal, Cothern does' not dispute that the rights and liabilities of the parties in this tort action are governed by Louisiana law, as that is where the tort was committed. Rather, Cothern contends that there is a conflict of laws only in regard to whether Louisiana or Mississippi law should be applied to determine the defendant-driver’s status as a minor for purposes of establishing the vicarious liability of her parents, citing Watkins v. Cupit, 130 So.2d 720 (La. App. 1st Cir. 1961).[7] Nonetheless, Cothern contends that Mississippi law-should apply to determine the minority status of the defendant-driver because, as recognized in Succession of Goss, 304 So.2d 704 (La. App. 3 Cir. 1974), writ denied, 309 So.2d 339 (La. 1975), cert. denied, 423 U.S. 869, 96 S.Ct. 133, 46 L.Ed.2d 99 (1975), the law of the domicile, the lex domidllil governs and controls the status of an individual. Therefore, he argues, under Mississippi law, the defendant-driver would be a minor, and her parents, i.e., the Barbers, could accordingly be vicariously liable for her negligent acts pursuant to LSA-C.C. art. 2318. At the outset, we note that if Louisiana law applied to: all aspects of this lawsuit, the Barbers could not be held vicariously liable for the actions of Kalyn, as she was eighteen at the time of the accident and, thus, no longer a minor under Louisiana law. See LSA-C.C. art. 29. Likewise, if Mississippi law: applied to all aspects of this lawsuit, the Barbers could not be vicariously liable for the actions of | fiKalyn, ás under the laws of Mississippi, there is no common-law liability against the parent for the torts of their minor child.[8] See Watkins, 130 So.2d at 722. Additionally, we note that Succession of Goss, as cited by Cothern, is factually distinguishable from the instant case. Succession of Goss, 304 So.2d at 705, involved a will contest brought by a California minor seeking a forced portion-of .his alleged deceased father’s estate in Louisiana. The issue was which state’s law (California or Louisiana) would control plaintiffs status relating to his birth rights. Succession of Goss, 304 So.2d at 706. More importantly, Succession of Goss was decided prior to the enactment of Louisiana’s Civil Code articles governing conflict of laws and determinations of status. See Acts 1091, No. 923, .§ 1 enacting LSA-C.C. art. 19, currently LSA-C.C. art. 3519. Louisiana Civil Code article 3519 specifically addresses conflict of laws pertaining to the “status of natural persons” and provides: The status of a natural person and the incidents and effects of that status are governed by the law of the state whose policies would be most seriously impaired if its law were not applied to the particular issue. That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the relationship of each state, at any pertinent time, to the dispute, the parties, and the person whose status is at issue; (2) the policies referred to in Article 3515; and (3) the policies of sustaining the validity of obligations voluntarily undertaken, of protecting children, minors, and others in need of protection, and of preserving family values and stability. The comments to this article provide that- the article is applicable not only in proceedings seeking a direct determination of status, such as a filiation or disavowal action or an, action to annul a marriage, but also in proceedings where, the issue of status is merely incidental to the resolution of another issue. LSA-C.C. art. 3519, Rev. Comments (a) 1991. In the instant appeal, the issue of Kalyn’s status as a minor is incidental to the issue of whether her parents, the Barbers, are vicariously liable to Cothern for Kalyn’s alleged-negligence resulting in the subject automobile accident. Louisiana Civil Code article 3519 lists several nonexclusive factors to be considered in determining, choice-of-law questions. A trial court is not. required to expressly, analyze each statutorily listed factor in its oral or written reasons, and the court’s failure to do so does not constitute an error of law justifying de novo review. See Arabie v. CITGO Petroleum Corp., 2010-2605 (La. 3/13/12), 89 So.3d 307, 316. In considering the propriety of the trial court’s grant of the exception finding the plaintiff has.no cause of action against the Barbers, the first factor to consider is each state’s relationship to the dispute, the parties, and the person whose status is at issue. LSA-C.C. art. 3519. Here, plaintiff was a resident :of Louisiana, the accident giving rise to this dispute occurred in Louisiana, and the injuries- were all sustained in Louisiana. Mississippi’s only relationship to this dispute is that the defendant-driver was a resident of Mississippi at the time of the accident, according to the facts alleged in the petition. This factor clearly favors the imposition of Louisiana law. . Second, LSA-C.C, art. 3519 references the policies referred to in LSA-C.C. 3515, which is the general conflict-of-laws article and instructs that the courts should look at the policies and needs of the interstate and international - system, to foster the goal of upholding justified expectations and minimizing the consequences of subjecting parties to the laws of more than one state. Here, we are unable to articulate a Mississippi policy that would be advanced by applying its statutory definition of a minor under the facts of the case. Moreover, there is no | ¿justified expectation in Louisiana that the parents of an eighteen-year-old would be vicariously liable for the acts of their child, and there is no justified expectation in Mississippi that parents of an eighteen-year-old involved in an automobile accident would be vicariously liable. To apply the law as Cothern urges would subject the parties to a nonuniform application of the law simply by virtue of the fact that the subject automobile accident involved individuals from different states. This would be contrary to the “polices and needs of the interstate and international system.” Thus, we find that the policies set forth in article 3515, as referenced in LSA-C.C. art. 3519, also support and favor the application of Louisiana law. Third, LSA-C.C. art. 3519 instructs the courts to consider the policies of sustaining the validity of obligations voluntarily undertaken, of protecting children, minors, and others in need of protection, and of preserving family values and stability. Here, the application of Mississippi law as urged by plaintiff would in no way advance the protection of a child, minor, or other in need of protection, nor advance the preservation of family values. For these reasons, we find no error in the trial court’s conclusion that Cothern has no cause of action against the Barbers herein under the allegations set forth in the petitions. We also find no legal support for his contention that the defendant-driver’s status as a minor should be determined pursuant to Mississippi law. There is no Mississippi policy advanced by the application of its law as urged by plaintiff. Moreover, there is no reasonable expectation by any of the parties involved that the parents of an eighteen-year-old driver would be vicariously liable for the alleged negligence of their child in an automobile accident. Therefore, the trial court did not err in sustaining the exception of no cause of action and ^dismissing Cothern’s claims against the Barbers.[9] Moreover, it is unnecessary to permit Cothern the opportunity to amend his petition, as there are no additional facts that can be pleaded to provide him with a cause of action against the Barbers. CONCLUSION For the above and foregoing reasons, the March 15, 2016 judgment of the trial court, sustaining the objection of no cause of action and dismissing with prejudice Doy E. Cothern’s claims against John and Bridgette Barber, is hereby affirmed. Costs of this appeal are assessed against plaintiff, Doy E. Cothern. AFFIRMED. . This Mississippi code section provides that any negligence or willful misconduct of a minor under the age of seventeen years when driving a motor vehicle shall be imputed to the person who has signed the application of such minor for a permit or license. . Louisiana Civil Code article 221 (prior to its amendment by La, Acts 2015, No. 260, § 1, eff. Jan. 1, 2016) provides: The father is, during the marriage, administrator of the estate bf his minor children and the mother in case of his interdiction or absence during said interdiction or absence. He or she shall be accountable both for the property and revenues of the estates the use of which he or she is not entitled to by law and for the property only of the estate the usufruct of which the law gives him or her. This administration ceases at the time of the majority or emancipation of the children, and also ceases upon judicial separation from bed and board either of the father from the mother or of the mother from the father. . Subsequent to the filing of the exception, the curator withdrew, and Kalyn’s parents obtained private counsel to defend them in the lawsuit. • . In the first amended and supplemental petition, plaintiff amended the allegations in the petition to state that at the time of the accident, Kalyn was a resident of her parents' household, or living in a structure on their property in Mississippi. . Louisiana Ciyil Code article 2318 provides: The father and the mother are responsible for the damage occasioned by their minor child, who resides with them or who has been placed by them under the care of other persons, reserving to them recourse against those persons. However, the father and mother are not responsible for the damage occasioned by their minor child who has been emancipated by marriage, by judgment of full emancipation, or by judgment of limited emancipation that expressly . relieves the parents of liability for damages occasioned by their minor child. . This ruling rendered the other exceptions moot. . However, the instant appeal is distinguishable front Watkins v. Cupit. Unlike the instant case, in Watkins, it was undisputed that the defendant-motorist was a minor under both Louisiana and Mississippi law. Thus, there was not an issue as to which state’s law should be applied and used to determine only the "minority status” of the defendant-motorist, unlike the issue raised by Cothern in the instant appeal. .AS noted in footnote 1 supra, there is a Mississippi statutory exception for parental liability for automobile accidents, when a parent has signed on the child’s driver’s license application. However, this liability ceases upon the child reaching the age of seventeen, and Kalyn was eighteen at the time of the subject automobile accident. See Mississippi Code Section 63-1-25. . Even if we were to find that Mississippi law should apply, the trial court was still correct in sustaining the exception of no cause of action and dismissing Cothem's claims against the Barbers. Pursuant to LSA-C.C. art. 3519, Mississippi law would not only govern the "status” of Kalyn as a minor, but also the "incidents and effects” of this minority status. As stated above, under Mississippi law, the "incidents and effects” of minority status exclude vicarious liability on the part of parents of a minor driver who causes a vehicular accident when the minor is seventeen years old or older. See Mississippi Code Section 63-1-25, Accordingly, there would be no legal basis for the Barbers’ vicarious liability.